UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT C. JACKSON and | ) | |
| MAGNOVO TRAINING GROUP, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01049-LJM-MPB |
| | ) | |
| THE LEADER'S INSTITUTE, LLC, and | ) | |
| DOUG STANEART, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO STRIKE REPLY IN SUPPORT OF MOTION TO DISMISS

This matter comes before the Court on Plaintiffs', Robert C. Jackson ("Jackson") and Magnovo Training Group, LLC (collectively, the "Plaintiffs"), Motion to Strike Portions of Defendants' Reply in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6), or Alternatively, to Transfer Venue (the "Motion"). Dkt. No. 17. Plaintiffs seek to strike portions of Defendants', The Leader's Institute, LLC ("TLI"), and Doug Staneart (collectively, the "Defendants"), Reply, because they improperly raised new legal arguments and new factual allegations not raised in the initial Brief in Support of their Motion to Dismiss. *See generally*, *id.* Alternatively, Plaintiffs seek leave to file a surreply.[1] *Id.* at 2. For the reasons stated herein, the Court **GRANTS in part and DENIES** in part the Motion.

---

[1] When responding to the Motion, Defendants noted that they did not object to Plaintiffs' alternative request to file a surreply in response to their Reply. Dkt. No. 20 at 1.

# I. <u>DISCUSSION</u>

In their Reply, Defendants argued that Plaintiffs must meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") because their Lanham Act claims "sound in fraud" and are governed by a six-year statute of limitations, as Plaintiff's asserted in their Response in Opposition.  Dkt. No. 16 at 4-8. Similarly, Defendants asserted that Plaintiffs must also meet the heightened pleading standard of Rule 9(b) for their claims under the Fair Labor Standards Act ("FLSA") and their Indiana state law claims because those claims also "sound in fraud."  *Id.* at 13-14. Defendants further argued that Plaintiffs' FLSA claims should be dismissed because Plaintiffs failed to allege that Jackson was an employee of TLI, as required for recovery under FLSA.  *Id.* at 9-12.

The Court agrees with Plaintiffs that Defendants waived its arguments in its Reply regarding Plaintiffs' FLSA and Indiana state law claims.  Defendants failed to raise any arguments regarding the applicable pleading standards for the FLSA and Indiana state law claims in their initial Brief in Support of their Motion to Dismiss, and Plaintiffs did not address any such arguments in their Response in Opposition to the Motion to Dismiss. Similarly, neither Plaintiffs nor Defendants raised any arguments regarding Jackson's status as an employee of TLI before Defendants presented such arguments in their Reply. Because "it is well-settled that new arguments cannot be made for the first time in reply," the Court STRIKES Defendants' arguments in its Reply as to Plaintiffs' FLSA and Indiana state law claims.  *Gold v. Wolpert*, 876 F.2d 1327, 1332 n.6 (7th Cir. 1989).  *See also, Zimmerman v. Bd. of Trustees of Ball State Univ.*, 940 F. Supp. 2d 875, 884 (S.D. Ind. 2013) (finding that arguments "raised for the first on reply" were waived).

2

However, Defendants' arguments regarding a heightened pleading standard for Plaintiffs' Lanham Act claims in their Reply are appropriate.  In their Response in Opposition to the Motion to Dismiss, Plaintiffs argued that their claims for false representation under the Lanham Act were governed by a six-year statute of limitations like other fraud claims, rather than a two-year statute of limitations, as Defendants previously averred.  Dkt. No. 15 at 21-24.  Defendants then responded to Plaintiffs' argument in its Reply by asserting that a two-year statute of limitations applies to Plaintiffs' Lanham Act claims, but that even if a six-year statute of limitations for fraud claims was applicable, Plaintiffs had not sufficiently plead such claims "sounding in fraud" under Rule 9(b).  Dkt. No. 16 at 4-8.  Therefore, because Defendant's arguments regarding a heightened pleading standard for Plaintiffs' Lanham Act claims properly were made in response to Plaintiffs' Response in Opposition to the Motion to Dismiss, the Court DENIES the Motion it relates to this argument.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion to Strike Portions of Defendants' Reply in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6), or Alternatively, to Transfer Venue. Dkt. No. 17. The Court **STRIKES** Defendants' Reply in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6), or Alternatively, to Transfer Venue as it relates to (1) the proper pleading standard for Plaintiffs' FLSA and Indiana state law claims and (2) Plaintiffs' allegations regarding Jackson's employee-status with TLI. Dkt. No. 16 at 9-14. The Court **DENIES** this Motion as to the heightened pleading standard for Plaintiffs' Lanham Act claims in accordance with Rule 9(b). Plaintiffs shall file a surreply addressing Defendants' Rule 9(b) argument for Plaintiffs' Lanham Act claims within ten days from the date of this Order.

IT IS SO ORDERED this 18th day of July, 2017.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Allen R. Vaught
BARON & BUDD, PC
avaught@baronbudd.com

Gary R. Sorden
KLEMCHUK LLP
gary.sorden@klemchuk.com