UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT C. JACKSON, <br> MAGNOVO TRAINING GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE LEADER'S INSTITUTE, LLC, <br> DOUG STANEART, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:17-cv-01049-JMS-MPB |

# **ORDER**

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaims. [Filing No. 35.] Both businesses in this lawsuit provide corporate leadership and teamwork training to other businesses. The parties have been litigating various claims against one another in multiple courts since September 2013. [*See* Filing No. 24 at 10; Filing No. 23 at 3.] The most recent suit in this Court was brought by Plaintiffs Magnovo Training Group, LLC ("Magnovo") and Robert Jackson (collectively, "Plaintiffs") against Defendants The Leader's Institute, LLC ("TLI") and Doug Staneart (collectively, "Defendants"), alleging that Defendants have illegally used materials produced by Mr. Jackson to promote TLI's business, in violation of the federal Lanham Act and state law. TLI alleges two counterclaims. First, TLI alleges that Mr. Jackson and Magnovo engaged in unfair competition by telling former TLI employees to contact TLI and demand that their materials be removed from TLI's website. [Filing No. 26 at 14-16.] Second, TLI alleges that Mr. Jackson breached his contract with TLI by demanding that content he produced be removed from TLI's materials. [Filing No. 26 at 16-17.]

Plaintiffs now move to dismiss TLI's counterclaims, arguing that the Court lacks supplemental jurisdiction over TLI's unfair competition claim and that TLI has failed to plausibly plead its breach of contract claim. [Filing No. 35.] The Court agrees that TLI's unfair competition claim does not arise out a common nucleus of operative fact with Plaintiffs' Amended Complaint and therefore falls outside of the Court's supplemental jurisdiction. Though the Court finds perplexing TLI's failure to attach the purported contract to any of its filings and urges counsel to carefully assess the propriety of prosecuting the claim, the Court nonetheless concludes that TLI has stated a breach of contract claim against Mr. Jackson. Therefore, as explained below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion.

## I.
### STANDARDS OF REVIEW

Plaintiffs first seek to dismiss TLI's unfair competition claim for lack of supplemental jurisdiction. Supplemental jurisdiction is a basis for subject matter jurisdiction, which must therefore be evaluated under Rule 12(b)(1). Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The burden is on the party bringing the claim to demonstrate that subject matter jurisdiction exists. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Mr. Jackson also contends that TLI's breach of contract claim fails under Rule 12(b)(6), which allows a party to move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences

in favor of the party bringing the claim. See *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. See *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following facts are drawn from the parties' pleadings and are accepted as true for the purpose of deciding Plaintiffs' Motion to Dismiss.

### A. The Parties

TLI and Magnovo are competitors in the corporate leadership and teambuilding training industry which offer seminars and organize workshops on those topics. [Filing No. 24 at 11.] Both rely upon internet-based content, including assorted leadership materials they post online, to attract customers. [Filing No. 24 at 11-12.]

Mr. Staneart, who is not a party to TLI's counterclaims, [Filing No. 36 at 1], is the owner and president of TLI, [Filing No. 24 at 6; Filing No. 26 at 4]. Mr. Jackson previously worked as a facilitator for TLI before leaving to form Magnovo.[1] [Filing No. 24 at 11.]

**B. Jackson & Magnovo's Claims in This Suit**

In the Court's earlier Order on Defendants' Motion to Dismiss or Transfer Venue, Judge McKinney summarized the claims in Plaintiffs' initial Complaint as follows:

> On April 4, 2017, the Jackson Parties [Mr. Jackson and Magnovo] filed the instant action against the TLI Parties [TLI and Mr. Staneart], alleging violations of the Lanham Act's false representation and cyberpiracy provisions, Indiana's Right of Publicity statute, Indiana's common law right of privacy and unfair competition laws, and FLSA. *See generally*, Dkt. No. 1. In their Complaint (the "Complaint"), the Jackson Parties allege that the TLI Parties used Jackson's "name, voice, photograph, image, likeness and/or distinctive appearance" ("Jackson's Image") on TLI's website, social media, and YouTube channel in connection with TLI's services without Jackson's consent, which constitutes false representation under the Lanham Act; and violations of Indiana's privacy, unfair competition, and right of publicity laws. *Id*. at ¶¶ 63-70, 72-76, 81-101. The Jackson Parties specifically provide several screenshots from TLI's website, social media, and YouTube channel to demonstrate the TLI Parties' use of photographs depicting Jackson, as well as examples of videos recorded by Jackson, that the Jackson Parties allege constitute violations of these laws. *Id*. at ¶¶ 51-54, 56-57. The Jackson Parties further assert that the TLI Parties "content scraped, framed, mirrored, copied, and/or reposted" the Jackson Parties' website and proprietary data and photographs from Magnovo's websites, www.charity-team-building-events.com and www.charity-team-building-events.com/photos, in violation of the Lanham Act's false advertising and cyberpiracy protection provisions. *Id*. at ¶¶ 71, 77-78. Moreover, the Jackson Parties claim that the TLI Parties violated the FLSA's anti-retaliation provisions after the FLSA Lawsuit was dismissed by interfering with the Jackson Parties' business operations and engaging in wrongful conduct, including false accusations, with the intent of causing wrongful prosecution of Jackson by law enforcement. *Id*. at ¶¶ 103-108.

---

[1] The nature of Mr. Jackson's relationship with TLI was the subject of an earlier suit in this court. *See Jackson v. The Leader's Inst., LLC*, No. 1:14-cv-00193-TWP-DML (dismissed Apr. 19, 2016). Mr. Jackson alleged that he was improperly treated as an independent contractor and sued TLI and Mr. Staneart for overtime wages, *see Jackson v. The Leader's Inst., LLC*, 2015 WL 7573228 (S.D. Ind. 2015) (Pratt, J.); the parties reached a negotiated resolution following the court's denial of cross-motions for summary judgment, *see id.* ECF Nos. 95-97.

[Filing No. 23 at 4.]

Defendants moved to dismiss Plaintiffs' initial Complaint on a variety of bases. [Filing No. 13.] The Court granted Defendants' motion to dismiss Plaintiffs' Fair Labor Standards Act claims and Lanham Act cyberpiracy claims based upon Defendants' allegedly improper use of certain websites. [Filing No. 23 at 17.] The Court held that those claims were barred by *res judicata* because of a prior lawsuit in the Northern District of Texas. [Filing No. 23 at 9.] The Court denied Defendants' motion as to Plaintiffs' Lanham Act false representation and state law claims regarding the allegedly improper use of Mr. Jackson's image, [Filing No. 23 at 9-10], and granted Plaintiffs' leave to amend their complaint to replead other Lanham Act claims relating to the use of Mr. Jackson's image, [Filing No. 23 at 17-18].

On August 28, 2017, Plaintiffs filed their First Amended Complaint, alleging Lanham Act and assorted state law claims, all based upon Defendants' allegedly improper use of Mr. Jackson's image and other materials on TLI's website and social media sites. [Filing No. 24.] Plaintiffs allege that this use misleadingly implies that Mr. Jackson and Magnovo approve of or are involved in TLI's commercial activities. [Filing No. 24 at 31.]

**C. TLI's Counterclaims**

On September 18, 2017, TLI filed its Counterclaim Complaint, invoking the Court's supplemental jurisdiction. [Filing No. 26 at 13-18.] TLI asserts two counterclaims. First, TLI asserts an unfair competition claim against both Mr. Jackson and Magnovo. [Filing No. 26 at 14-16.] In essence, TLI alleges that Mr. Jackson and Magnovo have told other former TLI instructors to contact TLI and demand to have their materials removed from TLI's website and social media accounts, despite TLI being entitled to use those materials. [Filing No. 26 at 14-16.]

5

Second, TLI asserts a breach of contract claim against Mr. Jackson. TLI alleges that Mr. Jackson "entered into valid and enforceable contract with Defendant TLI to be in the videos complained of in Plaintiffs' First Amended Complaint" and "also entered into valid and enforceable contracts with Defendant TLI to instruct classes and post items about those classes to the TLI website, Facebook account, Twitter feed, and YouTube account." [Filing No. 26 at 17.] TLI alleges that Mr. Jackson has breached these contracts "by demanding that the videos and posts be removed from TLI's website, Facebook account, Twitter feed, and YouTube account," which caused TLI "substantial injury." [Filing No. 26 at 17.]

On October 16, 2017, Mr. Jackson and Magnovo moved to dismiss TLI's counterclaims. [Filing No. 35.] Their Motion is now fully briefed and ripe for decision.

### III.
### DISCUSSION

Mr. Jackson and Magnovo move to dismiss TLI's unfair competition claim for lack of subject matter jurisdiction. Mr. Jackson moves to dismiss TLI's breach of contract claim for failure to state a claim. The Court addresses each in turn.

**A. Unfair Competition**

Plaintiffs argue that TLI's unfair competition counterclaim does not constitute part of the same case or controversy as the claims alleged in their Amended Complaint, and therefore fails to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367.[2] [Filing No. 35 at 8-11.]

---

[2] Plaintiffs repeat this argument in a different section while purportedly invoking Rule 12(b)(6), but that provision allows courts to dismiss claims failing to state a claim for relief, not based upon jurisdictional defects. [Filing No. 35 at 12.] Plaintiffs also argue that the claim fails to state a plausible claim to relief, which is a proper basis for a motion under Rule 12(b)(6). [Filing No. 35 at 12-16.] Because the Court agrees that it lacks subject matter jurisdiction over TLI's unfair competition claim, it may not address the merits of Plaintiffs' Rule 12(b)(6) argument.

In response, TLI argues that its claim shares "a loose factual connection" to Plaintiffs' claims. [Filing No. 36 at 5.] Specifically, TLI argues that its claim is similar to Plaintiffs' claims regarding TLI's use of Mr. Jackson's image and materials:

> Defendant TLI believes that Plaintiffs Jackson and Magnovo are trying to instigate others to interfere with TLI's business in the same manner that Defendants Jackson and Magnovo are by bringing this lawsuit—namely, by making claims that Defendant TLI cannot use blog posts, pictures, videos, and other materials that Defendant TLI paid for.

[Filing No. 36 at 6-7 (". . . TLI's unfair competition counterclaim is founded on Plaintiff's alleged instigation of similar demands by other former TLI employees for the purpose of interfering with TLI's business . . . .").] TLI also argues that the timing of Plaintiffs' conduct, which allegedly occurred just before TLI filed its Amended Complaint, also demonstrates the link between the claims. [Filing No. 36 at 5-6.]

TLI reiterates its arguments in reply. [Filing No. 37 at 3-5.]

Section 1367 grants courts "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Two claims are part of the same case or controversy if they derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). "Different causes of action between the same parties that arise from the same contract and same events will ordinarily be part of the same case or controversy." *McCoy v. Iberdola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014). This analysis generally first requires identifying the "nucleus of operative facts" underlying the original claim and then assessing whether the supplemental claim "ha[s] a basis in at least a portion of

7

those facts." *Id.* at 683-84. In other words, the additional facts should "form[] a subset of the facts supporting" the original claim. *Id.* at 683.

The only argument that TLI advances is that their claim, like Plaintiffs' claims, seeks damages for an alleged interference in the other's business. But the facts underlying Plaintiffs' claims are not comprised of the entirety of the parties' business relationship, a point underscored by Judge McKinney's earlier order dismissing several claims that had previously been litigated in federal court. Judge McKinney observed that the remaining claims "all largely involve the TLI Parties' alleged use of Jackson's Image without his consent." [Filing No. 23 at 10.] Here, TLI's unfair competition counterclaim has no connection to the use of Mr. Jackson's image, but instead seeks to advance new claims based upon Plaintiffs' alleged decision to tell former TLI employees to demand that TLI remove their image from TLI's website. Additionally, these claims lack a temporal connection to Plaintiffs' claims, as they arose long after Plaintiffs' claims based upon the misuse of Mr. Jackson's image allegedly accrued—indeed, according to TLI's allegations, they arose long after this lawsuit was initiated. Most critical under *McCoy*, however, is that the facts underlying TLI's allegations are not part of a subset of Plaintiffs' allegations and would have no bearing whatsoever on Plaintiffs' claims at trial.

By way of contrast, TLI's breach of contract counterclaim clearly arises from a common nucleus of operative facts with Plaintiffs' claims.[3] Whether TLI had permission to use Mr. Jackson's image (by contract or otherwise) necessarily overlaps with whether Mr. Jackson has breached a contract by demanding that TLI stop using his image. Both arise out of the common

---

[3] Plaintiffs do not challenge the Court's jurisdiction over the breach of contract counterclaim. [*See* Filing No. 37 at 2.] But the Court has an independent obligation to ensure that it has subject matter jurisdiction over the claims before it, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and finds the differences between TLI's counterclaims to be instructive in demonstrating the jurisdictional deficiencies in TLI's unfair competition claim.

8

nucleus of facts about the parties' rights vis-à-vis Mr. Jackson's image. But the claims about Plaintiffs' alleged instructions to other former TLI instructors have nothing to do with Mr. Jackson's image and any party's right to use that image. TLI's unfair competition counterclaim does not share even a loose factual connection with Plaintiffs' claims regarding Mr. Jackson's image. The Court therefore **GRANTS** Plaintiffs' Motion to Dismiss TLI's unfair competition counterclaim for lack of jurisdiction.[4]

### B. Breach of Contract

Mr. Jackson next moves to dismiss TLI's breach of contract counterclaim for failure to state a claim upon which relief may be granted. [Filing No. 35 at 16-24.] Mr. Jackson argues that TLI failed to plead all of the prerequisites for the existence of a contract and failed to adequately plead damages as a result of the alleged breach. [Filing No. 35 at 16-24.]

In response, TLI argues that it has properly pleaded its claim under either Indiana or Texas law.[5] [Filing No. 36 at 10-12.] TLI argues that it is not required to plead each of the elements of a contract to establish its claim. [Filing No. 36 at 10.] TLI states that it "does not believe the issue of what state's law governs must be resolved at the pleadings stage," but otherwise provides no explanation of why Texas law may govern its claim. [Filing No. 36 at 11.]

---

[4] TLI asks the Court in its response brief to permit it to amend its counterclaim if the Court found jurisdiction lacking. But TLI had the opportunity to amend its complaint as a matter of course after Plaintiffs filed their Motion to Dismiss, Fed. R. Civ. P. 15(a)(1), which is designed to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion," Fed. R. Civ. P. 15 advisory committee's note (2009 amendment). Furthermore, TLI fails to explain how an amendment could remedy the jurisdictional issue. Cf. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808-09 (7th Cir. 2015) (affirming dismissal with prejudice where plaintiff "never has attempted to explain how she would amend her complaint to state a claim for relief"). The Court therefore declines to grant TLI leave to amend.

[5] TLI also clarifies that its breach of contract counterclaim is brought against only Mr. Jackson. [Filing No. 36 at 1.]

9

In reply, Mr. Jackson reiterates his arguments, again citing to Indiana law. [Filing No. 37 at 12-17.]

As an initial matter, TLI suggests that it prevails regardless of whether Indiana or Texas law applies. TLI suggests that the Court may resolve the choice of law issue later in the litigation. Perhaps this may be the case; the authority to which TLI cites for this proposition does not address this issue. But the default rule is that courts apply the forum state's substantive law, unless a party argues that the "forum state's choice of law rules require the court to apply the substantive law of another state." *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995). While the case is before the Court on the pleadings and all of the facts relevant to the choice of law determination may not yet be readily available, the law still requires some analysis to back up an assertion that another state's law may apply. *See Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003) (affirming denial of motion for leave to amend where plaintiff "does not explain how [a particular state's law] is applicable to th[e] dispute"). Moreover, this is TLI's counterclaim; surely TLI must already have possession of some factual basis that could point to the application of Texas law. But if TLI has that information, it has not divulged it to the Court. *Cf. Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640 n.1 (7th Cir. 2015) (noting that parties responding to a motion to dismiss may supplement their allegations with facts outside the pleadings as long as they are consistent with their allegations).

Indeed, TLI's response brief provides neither argument nor reason to suggest that Texas law has any relevance to this case whatsoever. Instead, TLI has merely stated what Texas law is and suggested that the Court may someday later decide that Texas law applies. Even assuming the Court may defer deciding which state's law applies to another day, TLI has not remotely explained why it should do so. At most, TLI has made an undeveloped suggestion to that effect,

and undeveloped arguments are waived. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). The forum state's substantive law is the default law in diversity cases. *ECHO, Inc.*, 52 F.3d at 707. It is what Mr. Jackson has applied in his briefing, [Filing No. 35 at 16-24; Filing No. 37 at 12-16], and TLI did the same, [Filing No. 36 at 10]. The Court therefore holds that Indiana law applies to TLI's breach of contract claim.

Turning, then, to Indiana law on breach of contract, at trial TLI will be required to prove the existence of a contract, breach of the contract, and damages resulting from the breach. *Morris v. Crain*, 71 N.E.3d 871, 880 n.5 (Ind. Ct. App. 2017) (quoting *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007)). As a Northern District of Indiana court observed, "One thing is for certain, [a counterclaim plaintiff] is not required under the Federal Rules of Civil Procedure, and in particular, Rule 8, to attach to its Counterclaim the actual contract or the documents it alleges constitutes the contract." *Ortega v. Forks RV*, 2012 WL 13041335, at *2 (N.D. Ind. 2012). At the motion to dismiss stage, TLI must only allege sufficient factual material to allow for the plausible inference that each of these elements is met if the allegations are true. *Compare Sunshine v. Gen. Star Nat'l Ins. Co.*, 2016 WL 5371848, at *8 (S.D. Ind. 2016) (noting that arguments seeking to undermine the enforceability of alleged contract on motion to dismiss "challenge[d] the viability of Plaintiffs' claims, not whether the claim is plausible") *with Carrel v. Medpro Grp., Inc.*, 2016 WL 4414964, at *3 (N.D. Ind. 2016) (dismissing breach of contract claim where plaintiff alleged only that she was "subject to" a paid time off policy and otherwise speculated that the terms of the policy were incorporated into a contract).

Here, TLI's allegations suffice to state a claim for breach of contract. TLI alleges that Mr. Jackson entered into contracts to "be in the videos complained of in Plaintiffs' First Amended Complaint" and "to instruct classes and post items about those classes to the TLI website,

11

Facebook account, Twitter feed, and YouTube account." [Filing No. 26 at 16-17 (emphasis omitted).] TLI further alleges that it paid Mr. Jackson sums of money to produce these materials. [Filing No. 26 at 16-17.] According to TLI, Mr. Jackson agreed to be in videos for TLI's use and to allow TLI to post those videos and materials on its website in exchange for money. These are sufficient factual allegations to allow the Court to infer the existence of an enforceable contract. *Cf. Runnion ex rel. Runnion v. Girl Scouts of Greater Ch. & Nw. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015) (holding that even after *Twombly* and *Iqbal* plaintiffs need not "plead the elements of a cause of action along with facts supporting each element" but instead must allege only "factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility'"); *Paris v. Faith Props., Inc.*, 2009 WL 4799736, at *6 (N.D. Ind. 2009) (concluding that the plaintiff provided "sufficient notice of her claim" by pleading the existence of an employment contract and breach by dismissal for "improper cause"). *Carrel*, the primary breach of contract case discussed by Mr. Jackson, is not to the contrary because the plaintiff pleaded only that she was "subject to" a paid time off policy with which the defendant allegedly failed to comply. 2016 WL 4414964, at *3. Unlike in *Carrel*, where the plaintiff failed to allege that the paid time off policy was part of any contract, here TLI has alleged that Mr. Jackson's obligations were part of a contract with TLI. TLI has sufficiently pleaded the existence of an enforceable contract.

Next, while Mr. Jackson does not characterize this argument as one challenging whether TLI has sufficiently pleaded breach of contract, Mr. Jackson argues that none of the factual allegations suggest that he has breached his alleged contract. But TLI alleges that Mr. Jackson had the obligation under the contract to allow TLI to use his materials and that demanding that the content be removed breached this obligation. [Filing No. 26 at 17.] In other words, TLI alleges

that Mr. Jackson contractually promised that TLI could use the materials and now has reneged on that promise. TLI "only has to have made factual allegations that could plausibly support a conclusion" that Mr. Jackson breached the terms of the contract. *Skinner v. Metro. Life Ins. Co.*, 829 F. Supp. 2d 669, 675 (N.D. Ind. 2010). TLI has sufficiently pleaded breach under that standard.

Finally, Mr. Jackson argues that TLI has failed to allege damages as a result of the breach. However, Mr. Jackson's actual argument seems to be that TLI has yet to quantify its damages as a result of the alleged breach. TLI is not yet required to quantify its damages. At this stage, the Court concludes that TLI's allegations yield a reasonable inference that Mr. Jackson's actions have resulted in damages by requiring TLI to address and respond to Mr. Jackson's allegedly impermissible actions. *Cf. Runnion*, 786 F.3d at 517-18 (collecting cases and noting that pleading standard requires only notice and substantive plausibility). As TLI has sufficiently pleaded the existence of a contract, breach, and damages, the Court must **DENY** Mr. Jackson's Motion to Dismiss TLI's breach of contract counterclaim.

None of this should suggest that the Court has any view on the merits or likelihood of success of TLI's counterclaim. The Court must accept the good-faith allegations of the parties whose counsel, by electronically signing each filing, *see* S.D. Ind. L.R. 5-7(d), "certif[y] that to the best of the person's knowledge, information, and belief, formed after an **inquiry reasonable under the circumstances**" that each assertion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the factual contentions have evidentiary support," Fed. R. Civ. P. 11(b) (emphasis added). This includes TLI's allegations as to the purported existence of an enforceable contract between TLI

13

and Mr. Jackson—TLI's counsel has certified to the Court that he has undertaken a reasonable inquiry and has (or will have) evidentiary support for TLI's factual assertions.

The many lawsuits litigated between these parties have been frequently contentious and sometimes personal. This Court is the second busiest in the nation by weighted caseload per judge. United States Courts, *U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics*, (December 31, 2017), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2017.pdf. As part of its obligation to "secure the just, speedy, and inexpensive determination" of this and the other matters before it, Fed. R. Civ. P. 1, the Court will not hesitate—*sua sponte*, if appropriate—to exercise its authority to sanction the vexatious conduct of attorneys under 28 U.S.C. § 1927, or improper conduct of attorneys and parties under Rule 11.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Dismiss Defendants' Counterclaims, [35]. The Court **DISMISSES WITHOUT PREJUDICE** Defendants' unfair competition counterclaim for lack of subject matter jurisdiction. TLI's breach of contract counterclaim remains pending against Mr. Jackson. No partial final judgment will issue at this time.

Date: 3/2/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**